UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **EMANUEL AUSTIN JOHNSON**          **LA. DOC #515354** **VS.** | **CIVIL ACTION NO. 3:15-cv-1087** **SECTION P** **JUDGE ROBERT G. JAMES** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Emanuel Austin Johnson, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on April 7, 2015. Petitioner attacks his 2006 conviction for armed robbery and the sentence imposed thereafter by the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

Petitioner was charged with attempted armed robbery and armed robbery in case number 05-F0017 of the Fourth Judicial District Court, Ouachita Parish. [Doc. 7-1, p. 1] On October 30, 2006, he pled guilty to armed robbery pursuant to a plea agreement that guaranteed a 50-year sentencing cap. As part of the agreement, the state dismissed the attempted armed robbery charge and agreed to refrain from filing a habitual offender bill. [Doc. 13, pp. 2-20] On January 22, 2007, petitioner was sentenced to serve 45 years at hard labor without benefit of parole, and, because a firearm was used in the commission of the offense, he was sentenced to serve a

consecutive sentence of 5 years without benefit of parole pursuant to La. R.S.14:64.3. [Doc. 13, pp. 21-37] His motion to reconsider sentence was denied and he appealed his sentences to the Second Circuit Court of Appeal arguing two assignments of error – that the trial court erred in sentencing him to an additional five years at hard labor pursuant to La. R.S. 14:64.3 because the bill of information did not allege sentencing pursuant to 14:64.3; and at the time of this offense, 14:64.3 did not provide for a hard labor sentence. [Doc. 14, pp. 1-11(State's Brief on Appeal)] On April 30, 2008, the Second Circuit Court of Appeal affirmed his conviction and sentences. *State of Louisiana v. Emanuel A. Johnson*, 43,192 (La. App. 2 Cir. 4/30/2008), 981 So.2d 253.

On some unspecified date he filed an application for *certiorari* in the Louisiana Supreme Court.[1] On February 6, 2009, the Court denied writs without comment. *State of Louisiana v. Emanuel A. Johnson*, 2008-1279 (La. 2/6/2009), 999 So.2d 770. [See also Doc. 13, p. 1]

On some unspecified day he filed a *pro se* application for post-conviction relief in the Fourth Judicial District Court; he argued four claims of ineffective assistance of counsel – (1) counsel induced him to plead guilty by misrepresenting the strength of the State's case; (2) counsel permitted the prosecutor to "threaten" petitioner with the filing of an habitual offender bill; (3) counsel had a conflict of interest because he also served on the Monroe City Council; and, (4) counsel failed to conduct a proper investigation and failed to adequately advise petitioner of the consequences of his guilty plea. On June 28, 2009, petitioner's application for post-conviction relief was denied by the trial court. [Doc. 13, pp. 38-40]

Petitioner applied for writs in the Second Circuit Court of Appeal on August 20, 2009.

---

[1] On May 27, 2015, petitioner was ordered to provide, "A **DATED** copy of the application for writs filed in the Louisiana Supreme Court on direct review in case number 2008-KO-1279..." [Doc. 12] He did not provide the pleading, nor did he offer a reason for his failure.

On October 1, 2009, the Court of Appeals denied writs with respect to all but one of petitioner's claims and remanded the matter to the trial court to determine "... whether applicant's guilty plea was the result of trial counsel's misrepresentations concerning his sentence and the amount of time he would be required to serve..." *State of Louisiana v. Emanuel A. Johnson*, No. 45,023-KH (La. App. 2 Cir. 10/1/2009). [Doc. 13, pp. 41-43] The State of Louisiana applied for writs and on October 10, 2010, the Louisiana Supreme Court denied the writ application. *State of Louisiana v. Emanuel A. Johnson*, 2009-2375 (La. 10/29/2010), 48 So.3d 291.

The District Court convened the evidentiary hearing on April 20, 2011, and again denied post-conviction relief. On May 25, 2011, petitioner applied for writs in the Second Circuit and on June 30, 2011, the Court of Appeals denied writs because petitioner failed to include a copy of the transcript of the evidentiary hearing in his application. *State of Louisiana v. Emanuel A. Johnson*, No. 46,729-KH (La. App. 2 Cir. 6/30/2011). [Doc. 13, pp. 44-45]

Petitioner apparently re-filed his writ application and it was assigned Docket Number 47,135-KW. On some unspecified date the application was denied and petitioner sought further review in the Louisiana Supreme Court. On September 12, 2012, the Supreme Court denied writs seeking review of Second Circuit Case No. 47,135-KW. *State of Louisiana ex rel. Emanuel A. Johnson v. State of Louisiana*, 2012-0306 (La. 9/12/2012), 98 So.3d 810.[2]

He filed the instant petition on April 7, 2015, and he argued the following claims for relief: (1) conviction obtained by a plea of guilty which was unlawfully induced and not

---

[2] Petitioner was also ordered to provide copies of all post-conviction pleadings filed in the Fourth Judicial District Court, the Second Circuit Court of Appeal, and the Louisiana Supreme Court. [Doc. 12] He did not. In any event, the relevant information was gleaned from the exhibits submitted by petitioner, namely the trial court's ruling denying post-conviction relief, the orders of the Second Circuit denying writs, and the published jurisprudence of the Louisiana Supreme Court.

Case 3:15-cv-01087-RGJ-KLH Document 15 Filed 07/10/15 Page 4 of 8 PageID #: 115

voluntary; (2) ineffective assistance of counsel; (3) prosecution failed to disclose exculpatory evidence.

## Law and Analysis

### 1. Limitations

Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his sentence to the Second Circuit Court of Appeal. On April 30, 2008, his conviction and sentence were affirmed. *State of Louisiana v. Emanuel A. Johnson*,

---

[3] The pleadings and exhibits do not suggest that limitations should be calculated as provided in Section 2244(d)(1)(B), (C), or (D).

4

43,192 (La. App. 2 Cir. 4/30/2008), 981 So.2d 253. Thereafter he filed an application for *certiorari* in the Louisiana Supreme Court. On February 6, 2009, the Court denied writs without comment. *State of Louisiana v. Emanuel A. Johnson*, 2008-1279 (La. 2/6/2009), 999 So.2d 770. [See also Doc. 13, p. 1]

According to the presumptively reliable published jurisprudence, the petitioner did not seek further direct review in the United States Supreme Court therefore, his judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." 90 days later or, on or about May 6, 2009, when the time limits for seeking further direct review by filing a petition for *certiorari* in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of *certiorari* by the Supreme Court or expiration of the period for seeking *certiorari*." Under Rule 13.1 of the Supreme Court Rules, the petitioner had ninety days from the Louisiana Supreme Court's judgment denying his petition for *certiorari* to file a petition for a writ of *certiorari* in the United States Supreme Court. *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)).

Thus, the AEDPA limitations period began to run on May 6, 2009, and petitioner had one year, or until May 6, 2010, to file his *habeas corpus* petition. It is unclear from the pleadings and exhibits when petitioner filed his application for post-conviction relief. However, the exhibits establish that the application was denied on June 28, 2009 [Doc. 13, pp. 38-40] and therefore it must be presumed that his application was filed before the AEDPA limitations expired and he was thereafter able to toll limitations for the period during which his application remained pending. *See* 28 U.S.C. §2244(d)(2). However, his post-conviction litigation ended on September 12, 2012, when the Louisiana Supreme Court denied his application for writs. *State of Louisiana*

*ex rel. Emanuel A. Johnson v. State of Louisiana*, 2012-0306 (La. 9/12/2012), 98 So.2d 810. The AEDPA's period of limitation ceased to be tolled after September 12, 2012, and thereafter more than 2 ½ years then elapsed before April 7, 2015, the date petitioner filed his federal *habeas corpus* petition. As noted above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998). In other words, since more than one-year elapsed un-tolled between the date petitioner's judgment of conviction and sentence became final and the date he filed his federal *habeas* petition, his petition must be dismissed as time-barred.

## 2. Equitable Tolling

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable

filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, July 10, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE